IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION NO. 7:21-CV-125-BO

| | |
|---|---|
| LOW COUNTRY LANDSCAPING, INC., | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|   vs. | ) |
| | ) |
| WL NXT ADVENTURES, LLC, AND | ) |
| WENDY MACK, | ) |
| | ) |
|   Defendants, | ) |
| | ) |
|   vs. | ) |
| | ) |
| THOMAS SCOTT HINSON, | ) |
| | ) |
|   Third-Party Defendant. | ) |
| | ) |

* * * * * * * *

## PLAINTIFF'S/COUNTERCLAIM DEFENDANT'S FIRST AMENDED REPLY TO DEFENDANTS' COUNTERCLAIMS

* * * * * * * *

NOW COMES Plaintiff/Counterclaim Defendant Low Country Landscaping, Inc. ("Low Country"), amending its Reply to the "Counterclaims" of Defendants WL NXT ADVENTURES, LLC and Wendy Mack (collectively, "Defendants"), and hereby says and alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Motion to Dismiss)

By motion filed on even date herewith, Low Country moves to dismiss (in part) Defendants' Counterclaims, as set forth more specifically within Low Country's motion.

SECOND AFFIRMATIVE DEFENSE
(Specific Responses to Defendants' Counterclaims)

1.     Low Country lacks sufficient information or knowledge by which to admit or deny the allegations contained in Paragraph 1 of Defendants' Counterclaims, and the same, therefore, are denied.

2.     Low Country lacks sufficient information or knowledge by which to admit or deny the allegations contained in Paragraph 2 of Defendants' Counterclaims, and the same, therefore, are denied.

3.     Admitted.

4.     Admitted.

5.     The allegations in Paragraph 5 of Defendants' Counterclaims state a purported legal conclusion to which no response is necessary.  To the extent a response is necessary, denied.

6.     The allegations in Paragraph 6 of Defendants' Counterclaims state a purported legal conclusion to which no response is necessary.  To the extent a response is necessary, denied.

7.     Low Country initiated this suit demanding payment from Defendants of the principal amount of $67,988.00 ("Amount Due"), exclusive of Low Country's attorneys' fees, costs, expenses, and interest which it is also seeking.  Except as expressly admitted herein, the allegations in Paragraph 7 of Defendants' Counterclaims are denied.

8.     Admitted on information and belief.

9.     The allegations contained in Paragraph 9 of Defendants' Counterclaims which appear to define a May 2020 proposal as the final "Proposal" of terms between the parties are denied.

10.     The allegations contained in Paragraph 10 of Defendants' Counterclaims appear to quote a written document, which document speaks for itself.  To the extent the allegations contained in Paragraph 10 contradict, misstate, or misrepresent the same, they are denied.  Further, the allegations in Paragraph 10 inferring the "Proposal" as defined by Defendants was the final agreement between the parties are denied.

11.     The allegations contained in Paragraph 11 of Defendants' Counterclaims appear to quote a written document, which document speaks for itself.  To the extent the allegations contained in Paragraph 11 contradict, misstate, or misrepresent the same, they are denied.  The remaining allegations in Paragraph 11 are denied.

12.     Low Country admits it is knowledgeable and capable.  Except as specifically admitted herein, the allegations contained in Paragraph 12 of Defendants' Counterclaims are denied.

13.     Low Country lacks sufficient information or knowledge by which to admit or deny the allegations contained in Paragraph 13 of Defendants' Counterclaims, and the same, therefore, are denied.  Further, the nebulous allegations that are being termed "Agreement" are too vague and imprecise to be admitted or denied and are, therefore, denied.

14.     Denied.

15.     It is admitted that Thomas Scott Hinson ("Hinson") is a licensed landscape contractor with license number L.0429.  Except as specifically admitted herein, the remaining allegations in Paragraph 15 of Defendants' Counterclaims are denied.

16.     The allegations in Paragraph 16 of Defendants' Counterclaims appear to quote written documents, which documents speak for themselves.  To the extent the allegations in Paragraph 16 contradict, misstate, or misrepresent the same, they are denied.

17.     The allegations in Paragraph 17 of Defendants' Counterclaims appear to quote a written document, which document speaks for itself. To the extent the allegations in Paragraph 17 contradict, misstate, or misrepresent the same, they are denied.

18.     Denied.

19.     Denied.

20.     The allegations in Paragraph 20 of Defendants' Counterclaims, including all subparagraphs, are denied.

21.     The allegations in Paragraph 21 of Defendants' Counterclaims, including all subparagraphs, are denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Admitted that Defendants agreed to pay Low Country for its services. Except as expressly admitted herein, the allegations in Paragraph 28 of Defendants' Counterclaims are denied.

29.     The allegations in the first sentence of Paragraph 29 of Defendants' Counterclaims are admitted except that Low Country also seeks its attorneys' fees, costs, expenses and interest, all as set forth in its Complaint. The remaining allegations contained in Paragraph 29 are denied.

<u>First Claim for Relief</u>
<u>(Breach of Contract – Low Country)</u>

30.     Low Country incorporates herein by reference its responses to Paragraphs 1 through 29 of Defendants' Counterclaims as if fully set forth herein.

31.     The allegations in Paragraph 31 of Defendants' Counterclaims appear to state a purported legal conclusion to which not response is necessary.  To the extent a response is necessary, denied.

32.     Denied.

33.     Denied.

34.     Denied.

Second (<em>Alternative</em>) Claim for Relief<br>(Unjust Enrichment – Low Country)

35.     Low Country incorporates herein by reference its responses to Paragraphs 1 through 34 of Defendants' Counterclaims as if fully set forth herein.

36.     It is admitted that Defendants paid Low Country $60,000.  The remaining allegations contained in Paragraph 36 of Defendants' Counterclaims are denied in so far as Defendants have misstated the terms of the parties' agreement in Defendants' Counterclaims.

37.     Low Country lacks information or knowledge by which to admit or deny the allegations contained in Paragraph 37 of Defendants' Counterclaims as to Defendants' beliefs, and the same, therefore, are denied.  Except as otherwise stated, the allegations in Paragraph 37 are denied.

38.     Low Country lacks information or knowledge by which to admit or deny the allegations contained in Paragraph 38 of Defendants' Counterclaims, and the same, therefore, are denied.  Except as otherwise stated, the allegations in Paragraph 38 are denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

Third Claim for Relief
(Fraud – Low Country and Hinson)

*Low Country has on even date herewith filed its motion to dismiss this Third Claim for Relief. Should Low Country's motion be denied, then Low Country responds to the Third Claim for Relief as follows:*

43.     Low Country incorporates herein by reference its responses to Paragraphs 1 through 42 of Defendants' Counterclaims as if fully set forth herein.

44.     Paragraph 44 of Defendants' Counterclaims, including all of its subparagraphs, is denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

Fourth Claim for Relief
(Constructive Trust – Low Country)

*Low Country has on even date herewith filed its motion to dismiss this Fourth Claim for Relief.  Should Low Country's motion be denied, then Low Country responds to the Fourth Claim for Relief as follows:*

49.     Low Country incorporates herein by reference its responses to Paragraphs 1 through 48 of Defendants' Counterclaims as if fully set forth herein.

50.     Denied.

51.    Denied.

52.    Denied.

Fifth Claim for Relief
(Breach of Implied Warranty – Low Country and Hinson)

53.    Low Country incorporates herein by reference its responses to Paragraphs 1 through 52 of Defendants' Counterclaims as if fully set forth herein.

54.    The allegations in Paragraph 54 of Defendants' Counterclaims are vague and ambiguous referring generally to undefined "line-items" and also appear to state a purported legal conclusion to which no response is necessary.  To the extent a response is necessary and Low Country can understand the allegations contained in Paragraph 54, denied.

55.    Denied.

56.    Denied.

Sixth Claim for Relief
(Negligence/Gross Negligence – Low Country and Hinson)

*Low Country has on even date herewith filed its motion to dismiss this Sixth Claim for Relief.  Should Low Country's motion be denied, then Low Country responds to the Sixth Claim for Relief as follows:*

57.    Low Country incorporates herein by reference its responses to Paragraphs 1 through 56 of Defendants' Counterclaims as if fully set forth herein.

58.    The allegations in Paragraph 58 of Defendants' Counterclaims appear to state a purported legal conclusion to which no response is necessary.  To the extent a response is necessary, denied.

59.    Denied.

60.    Denied.

**EACH AND EVERY OTHER PURPORTED ALLEGATION OR CLAIM OR PRAYER FOR RELIEF IN DEFENDANTS' COUNTERCLAIMS, NOT SPECIFICALLY ADDRESSED IN THE FOREGOING REPLY BY LOW COUNTRY, IS HEREBY DENIED AND STRICT PROOF IS DEMANDED THEREOF.**

<u>THIRD AFFIRMATIVE DEFENSE</u>

Low Country pleads all allegations of its Complaint, specifically including but not limited to Defendants' anticipatory breach of the agreement, in defense of and/or as a complete bar to Defendants' Counterclaims.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Low Country pleads Defendants' unclean hands and bad faith as a complete bar to some or all of Defendants' Counterclaims.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

If it is determined that Low Country owes Defendants anything, which is specifically denied, Low Country is entitled to a setoff against that which is owed to Low Country as set forth in Plaintiff's Complaint.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Some or all of Defendants' Counterclaims are barred by the operation of accord and satisfaction.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Defendants, by virtue of their actions, admissions, conduct and/or omissions are barred by the reason of the same under the doctrines of estoppel, release, waiver, and/or bad faith from recovering under any claim for relief against Low Country.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants, by virtue of their actions, admissions, conduct and/or omissions admit they are not entitled to any of the relief they seek in the Counterclaims, and Defendants are barred from any recovery against Low Country in this action.

## NINTH AFFIRMATIVE DEFENSE

Low Country pleads Defendants' contributory negligence as a bar to Defendants' Counterclaims.

## TENTH AFFIRMATIVE DEFENSE

Low Country pleads the doctrine of avoidable consequences and failure to mitigate damages, which prevent Defendants from recovering avoidable damages due to, *inter alia*, Defendants' own wrongful conduct in failing to exercise reasonable care and diligence to avoid or lessen any consequences of Low Country's alleged (but denied) wrongful conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Low Country pleads Defendants' and/or a third-party's actions, negligence, and/or omissions as intervening, superseding, and/or independent causes of Defendants' alleged damage such that no recovery can be had from Low Country.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent any work allegedly performed by Low Country was altered and/or modified by Defendants and/or any other persons or entities, Low Country pleads such alteration and/or modification as a complete bar to Defendants' claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

One or more of Defendants' claims are barred by the economic loss rule, and the same is pled as a complete bar to such claims by Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Low Country is not the proximate cause of Defendants' alleged damages and is not responsible for acts of God or other causes, acts, or omissions over which it had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

Low Country pleads laches and all applicable statutes of limitation and/or repose as a complete bar to the Defendants' Counterclaims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Low Country incorporates the responses and affirmative defenses of Third-Party Defendant as further defense to Defendants' Counterclaims.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Low Country may have additional defenses that cannot now be articulated due to, *inter alia*, the generality of Defendants' Counterclaims, its failure to provide adequate notice of its claims due to its vagueness and ambiguities, and/or the fact that discovery is not yet complete. Accordingly, Low Country reserves its right to supplement the foregoing and to raise additional defenses that may become evident during the course of this action or as discovery progresses.

## JURY DEMAND

Low Country demands a trial by jury on all disputed genuine issues of material fact, if any, in this case.

## PRAYER FOR RELIEF

WHEREFORE, Low Country, having fully responded to Defendants' Counterclaims and having pleaded affirmative defenses against Defendants, respectfully pray unto the Court as follows:

1.    That all claims for relief prayed for by Defendants against Low Country be

denied, and Defendants' Counterclaims be dismissed with prejudice.

2.    That Low Country have and recover all of its costs in this action, including its court costs and reasonable attorneys' fees.

3.    For a trial by jury on all disputed genuine issues of material fact, if any, in this case.

4.    And, for such other and further relief as to the Court may seem just and proper.


Respectfully submitted, this the <u>30th</u> day of August 2021.


LAW OFFICES OF G. GRADY RICHARDSON, JR., P.C.
/s/ *G. Grady Richardson, Jr.*
_____
G. GRADY RICHARDSON, JR.
N.C. State Bar I.D. No.: 25508
1908 Eastwood Rd., Suite 224
Lumina Station
Wilmington, North Carolina 28403
Telephone: (910) 509-7166
Facsimile: (910) 509-7167
E-mail: grady@ggrlawoffice.com
*Attorneys for Plaintiff/Counterclaim Defendant and*
        *Third-Party Defendant*

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing PLAINTIFF'S/COUNTERCLAIM DEFENDANT'S FIRST AMENDED REPLY TO DEFENDANTS' COUNTERCLAIMS with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

J. Alexander Heroy, Esquire
Alexandra B. Bachman, Esquire
JAMES, McELROY & DIEHL, P.A.
525 North Tryon Street, Suite 700
Charlotte, NC 28202
Telephone: (704)372-9870
Facsimile: (704)333-5508
Email: aheroy@jmdlaw.com
Email: abachman@jmdlaw.com
*Attorneys for Defendants*

      This the <u>30th</u> day of August 2021.

                  LAW OFFICES OF G. GRADY RICHARDSON, JR., P.C.
                  /s/ G. Grady Richardson, Jr.
                  G. Grady Richardson, Jr., N.C.S.B. No. 25508
                  1908 Eastwood Rd., Suite 224
                  Lumina Station
                  Wilmington, North Carolina 28403
                  Telephone: (910) 509.7166
                  Facsimile: (910) 509.7167
                  Email: grady@ggrlawoffice.com
                  *Attorneys for Plaintiff/Counterclaim Defendant and*
                      *Third-Party Defendant*